# COLELLA | ZEFUTIE LLC

www.czlaw.com

John J. Zefutie, Jr.
Office Managing Partner
116 Village Boulevard, Suite 200
Princeton, New Jersey 08540
P: 609.551.9771
F: 202.920.0894
E: jzefutie@czlaw.com

*Via ECF*

January 9, 2025

Hon. Katharine H. Parker
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/12/2025

**MEMO ENDORSED**

    Re:    **Lujan v. Sensio, Inc.**
               **Docket No. 1:24-cv-03479**

Dear Judge Parker:

    We are counsel to Defendants Sensio, Inc. and Senio Company (US), Inc. (collectively, "Sensio") in the above-referenced matter. Pursuant to Rule I.c of Your Honor's Individual Practices in Civil Cases, we write to the Court to request an adjournment of the settlement conference that is currently scheduled for January 27, 2025. *See* D.E. 36. The Court previously adjourned a settlement conference after Sensio demonstrated that significant discovery had to be taken so that it could properly value this case. *Id*. Although discovery is progressing, it will not be complete by January 27.

    There is good cause for an adjournment of the January 27 conference. Since entering our appearance and taking over the case from prior counsel, we have been working diligently on producing e-discovery to Plaintiff's counsel. Those efforts have proved difficult because prior counsel's document vendor demanded in excess of $1 million to release 41 million pages of documents. Plaintiff's counsel is well aware of this fact and agreed that (1) Sensio should not incur that cost, and (2) reviewing 41 million pages of documents cannot be accomplished within the discovery period prescribed by the Court. As such, Sensio—on its own initiative—developed an alternative document-collection protocol in early December 2024 to address this problem and progress is being made.

    In addition, we are working in good faith with Plaintiff's counsel on new search terms to gather and produce documents requested. In addition, Plaintiff's deposition is scheduled for January 20, 2025. After that deposition, the parties will have to schedule an independent medical examination of Plaintiff, to take place in-person in New York. *See Mitkish v. Target Corp.*, No. 23-cv-4453(NJC)(JMW), 2024 U.S. Dist. LEXIS 63162, at *6 (E.D.N.Y. Apr. 4, 2024).

In addition, significant expert discovery needs to be taken before this case can be valued. A dispute has arisen about testing protocol for the alleged defective pressure cooker. Plaintiff's counsel is requiring Defendant's expert to travel to Georgia to inspect and test the pressure cooker at issue. Obviously, that presents an undue burden on Defendant and is contrary to the protocol in several other pressure cooker cases in which Sensio is a defendant. In those other cases, the pressure cooker is transmitted to Sensio's expert, and that has never been an issue. Today, we were advised by Plaintiff's counsel that they "never allowed unilateral testing as suggested, and cannot agree to do so here." Plaintiff's counsel also wants discovery into our expert's other protocols and advised that quite a bit of work has to be done to arrive at an agreeable protocol: "If your expert wishes to proceed with the proposed protocol, we will review it with our expert and provide any suggestions to ensure the parties have a joint protocol. Then, once agreed upon, we can proceed with setting up a joint test at our expert's facility." Sensio is working on a proposed resolution to this dispute.

In the end, despite the open issues mentioned herein, Sensio anticipates that documents will be produced and that fact and expert discovery will be completed by the end of the discovery period, at which point it can properly value this case. For these reasons, proceeding with the January 27 settlement conference will be a waste of this Court's and the parties' resources. <u>The more sensible course is to set a settlement conference after discovery ends (assuming the parties do not settle the case on their own). We have conferred with counsel for Plaintiff, who has advised they do not consent to this adjournment request.</u>

We thank the Court for its time and attention to this matter.

                Respectfully submitted,
                COLELLA ZEFUTIE LLC

By:    s/ *John J. Zefutie, Jr.*
        John J. Zefutie, Jr.
        Ugo Colella (*admitted pro hac vice*)
        *Attorneys for Defendants*
        *Sensio Company (US), Inc. and Sensio, Inc.*

cc:    All Counsel of Record (via ECF)

---

**APPLICATION GRANTED:** The settlement conference in this matter scheduled for Monday, January 27, 2025 at 10:00 a.m. in Courtroom 17-D, United States Courthouse, 500 Pearl Street, New York, New York is hereby rescheduled to <u>Monday, March 24, 2025 at 10:00 a.m.</u> Parties must attend in-person with their counsel. Corporate parties must send the person with decision making authority to settle the matter to the conference. The parties are instructed to complete the Settlement Conference Summary Report and prepare pre-conference submissions in accordance with Judge Parker's Individual Rules of Practice. Pre-conference submissions must be received by the Court no later than <u>March 17, 2025 by 5:00 p.m.</u>

**APPLICATION GRANTED**

*[Signature: Katharine H. Parker]*

Hon. Katharine H. Parker, U.S.M.J.
01/12/2025